FILED
11-20-2023
Clerk of Circuit Court
Manitowoc County, WI
2023CV000428

STATE OF WISCONSIN   CIRCUIT COURT   MANITOWOC COUNTY

AMY WENDRICKS
    Redacted
Mishicot, WI   Redacted

                                         Plaintiff,

                                         Case No.: 23-CV-___
                                         Case Code: 30101

v.

UNUM LIFE INSURANCE COMPANY OF AMERICA
c/o Registered Agent Corporation Service Company
33 E. Main Street, Suite 610
Madison, WI 53703,

                                         Defendant.

## COMPLAINT

NOW COMES the Plaintiff, Amy Wendricks, by her attorneys, Wallace Law, Inc., and allege as follows:

### GENERAL ALLEGATIONS

1. Amy Wendricks (hereinafter "Wendricks") is an adult resident of the State of Wisconsin currently residing at  Redacted  Mishicot, WI  Redacted

2. Defendant UNUM Life Insurance Company of America (hereinafter "UNUM") is a life and disability insurance company licensed to do business in the State of Wisconsin with a business address of 2211 Congress St, Portland, ME 04122 and has a registered agent for service of process listed as Corporation Service Company, 33 E. Main Street, Suite 610, Madison, WI 53703.

3. Ms. Wendricks has been receiving disability benefits through UNUM since 2010 due to a back injury.

4. During her divorce proceedings in 2018, Ms. Wendricks began part-time

employment at L&L One Stop Gas Station, working approximately 25-30 hours per week.

5. Prior to beginning this employment, Ms. Wendricks contacted UNUM to discuss her new financial strains related to her divorce and to ask if getting a part-time job as a cashier at a gas station would affect her disability coverage.

6. UNUM assured Ms. Wendricks that employment in this capacity would not bear any weight on her ability to qualify for the maximum amount of continued monthly benefits, which is $2,531, so long as the new income did not exceed 80% of her pre-disability income.

7. Ms. Wendricks' continued to receive disability benefits as promised until November, 2022, following a medical procedure she had on her arm unrelated to her disability.

8. At this time UNUM's Lead Benefit Specialist, Samantha Waterhouse, advised Ms. Wendricks that, moving forward, any income from her employment at the gas station would be deducted from her disability coverage.

9. There is no basis in the policy for this reduction.

10. Ms. Wendricks filed an appeal with UNUM and was later denied.

11. On January 6, 2023, UNUM sent an appeal denial letter to Ms. Wendricks, stating that the employer who carries the UNUM Policy, Dominion Energy, advised UNUM to deduct 100% of Ms. Wendricks return-to-work income earnings as of November 2022.

12. Despite efforts to get UNUM to provide full benefits due and owing to Ms. Wendricks, this lawsuit was unfortunately necessary.

## FIRST CAUSE OF ACTION – BREACH OF CONTRACT

13. Plaintiff incorporates herein, as if fully set forth, the above paragraphs.

14. Plaintiff and Defendant entered into a legally binding contract when Defendant issued Plaintiff a policy for long-term disability benefits.

15. Plaintiff upheld her end of the bargain and following the policy's terms and conditions.

16. Pursuant to the above referenced policy, Plaintiff, in a prompt and timely fashion, provided notice of the above-referenced loss to Defendant and its agents and representatives, and has provided cooperation with respect to said claim, and all matters requested.

17. Despite cooperation by Plaintiff, Defendant, through its employees and representatives, has breached the insurance contract by failing, among other things, to do the following, as specifically identified in this complaint:

   A. Failing to accurately account for Plaintiff' part-time job income, which resulted in deductions from her disability benefits contrary to prior assurances, causing delays and complications in the benefit disbursement process;
   B. Refusing to make timely payments for claims that were not in dispute;
   C. In various and sundry ways, including, but not limited to, delaying and obstructing efforts made to obtain timely payment of the claim and failing to undertake investigation with all reasonable dispatch and in other matters;
   D. Despite making reasonable demands upon Defendant and its employees and representatives to cure said deficiencies and to provide more information, Defendant has failed to respond in a timely fashion to cure said defects or to even respond at all;
   E. As a result of Defendant's breach of the contract of insurance at issue and non-compliance with Wisconsin law governing the insurance industry, Plaintiff has suffered and will continue to suffer as a direct and proximate result, damages and pecuniary losses including, but

   not limited to, those set forth in the Complaint;
- F. By failing to acknowledge and indemnify Plaintiff for all damages arising from the covered peril; and
- G. For other damages and injuries not identified above that Plaintiff has incurred or will incur as a result of the covered loss, to be shown at trial.

## SECOND CAUSE OF ACTION – BAD FAITH

18. Plaintiff incorporates herein, as if fully set forth, the above paragraphs.

19. By virtue of its contract of insurance and applicable Wisconsin law, certain express and implied duties and obligations are owed by Defendant, including, but not limited to:

- A. A duty of good faith and fair dealings;
- B. A duty to act in the insured's best interest;
- C. A duty to promptly acknowledge communications with respect to the claims;
- D. A duty to promptly perform claim investigation services;
- E. A duty to provide necessary information and instructions to the insured for compliance and submission of said claims;
- F. A duty to attempt in a good faith to effectuate a fair and equitable settlement of the claims;
- G. A duty to provide prompt and reasonable explanation of the basis for the policy and applicable law for any delay and/or denial of benefits;
- H. A duty to refrain from requiring their insured to initiate a lawsuit to recover amounts due and owing under the policy;
- I. A duty to promptly pay any irrefutable loss in a timely fashion;
- J. A duty to provide certified copies of policies and statements taken of their insured in a timely fashion;
- K. A duty to properly represent the terms and conditions of the policy; and
- L. A duty to honor express and oral commitments to its insureds, including, but not limited to, payment for coverage and the like.

20. Defendant, through the acts and omissions of its employees and representatives, has breached said duties and obligations to Plaintiff.

21. Despite the reasonable efforts, cooperation and compliance of Plaintiff,

Defendant, through its actions and omissions of its employees and representatives, has breached the implied covenant of good faith and fair dealing, by, among other things, intentionally, wantonly, willfully, or with reckless disregard for the rights of Plaintiff, refusing to pay amounts in accordance with the insurance policy in a timely fashion and in the absence of a reasonable basis for not paying these amounts, and it has failed to proceed in a manner that is honest and informed, thus constituting bad faith.

22. As a direct and proximate result of Defendant's aforementioned bad faith, Plaintiff is entitled to recover all her damages resulting from said conduct and further described herein.

### THIRD CAUSE OF ACTION: WISCONSIN TIMELY PAYMENT OF CLAIMS; WIS. STAT. § 628.46

23. Plaintiff incorporates herein, as if fully set forth, the above paragraphs.

24. Wis. Stat. § 628.46 requires an insurer, like Defendant, to promptly pay every insurance claim. A claim shall be overdue if not paid within thirty days after the insured has furnished written notice of the fact of a covered loss and the amount of the loss. Defendant was furnished written notice of the fact of a covered loss and the amount of that loss and did not promptly pay the full amount of the loss. Therefore, Plaintiff is entitled to 7.5% interest from the dates that written notice of the fact of a covered loss and the amount of the loss was provided to Defendant.

### FOURTH CAUSE OF ACTION: PUNITIVE DAMAGES

25. Plaintiff incorporates herein, as if fully set forth, the above paragraphs.

26. That the course of conduct by Defendant described in this Complaint

constitutes an intentional disregard of the rights of Plaintiff, entitling her to punitive damages in an amount to be determined by a jury.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

A. For judgment in the amount of the actual damage sustained by the Plaintiff;
B. For judgment awarding additional monies reasonably and necessarily incurred by the Plaintiff;
C. For all contractual benefits owing under the policy;
D. For extra-contractual damages in the amount of the Plaintiff's actual reasonable attorney's fees, costs, and disbursements;
E. For punitive damages;
F. For pre-judgment interest pursuant to Wis. Stat. § 628.46 and for post-judgment interest; and
G. For all the Plaintiff's statutory, taxable costs, and other relief the Court deems just and equitable.

**PLAINTIFFS DEMANDS A TRIAL BY A JURY OF 12 PERSONS**

Dated this 20th day of November, 2023.

WALLACE LAW, INC.

By: *Justin F. Wallace*
Justin F. Wallace
State Bar No.: 1069331
Attorneys for Plaintiff Amy Wendricks

**MAILING ADDRESS**
1414 N. Taylor Drive, Suite 200
Sheboygan, WI 53081
Telephone: (920) 276-8320
justin@wallaceinsurancelaw.com